I am David B. B. Helfring. I will be making a presentation on behalf of all of the appellants. It's been seven years, five and a half months since Qadri and Gonzales were indicted, jailed, and placed on bond. The indictment is 31 August 2006. Qadri and Rokoski pled on December 11, 2011, five years, three months from indictment. Gonzales pled guilty on 23 December, 2011. Eight ends of justice continuances were granted between the indictment and my entry and my appearance, during which time the government undertook to complete the investigation of this alleged Ponzi scheme. The government determined it needed to stop the criminal activity immediately. They have no criticism of that decision. However, what is puzzling is that they did not seem to understand it could have been stopped in its track by the seizure of bond records, all of the monies from the operation, investment records, the computers, servers, brokerage records, bank records, and alerting the investor brokers of the criminal investigation, all of which occurred anyway in September on or about 2006. The government brief admits in response to its first motion to dismiss that it was patently obvious that defendants were not operating a legitimate business, that the government realized defendants were using investor funds from earlier investors to pay later investors, class C condition of the Ponzi scheme, and that the defendants were living a lavish lifestyle at the expense of their clients, and it was apparent that fraud was being committed. Didn't your clients stipulate to these continuances? No, they didn't stipulate to them, but many times they moved for those continuances, Your Honor. Right. I know that prosecutorial misconduct is alluded to in connection with why they thought they had to ask for continuance, but that's not actually an issue before the court, is it? Well, it depends on the merits of, for example, a waiver argument, which I think has no merit, or a judicial estoppel argument. It seems to me that the Speedy Trial Act puts an obligation on the government and the courts to inquire into if these allegations of discovery misconduct and dilatoriness in trying to proceed with a superseding indictment, there's an obligation the statute places on the court to justify, and on the government, to justify the continuance to a specific date, one that has some reality or realism to it, as opposed to just continuing it every six or seven months down the road and check to see if the discovery's been taken care of and whether the indictment's been returned yet or not. So let me understand, let me just understand your argument, because I went through each of the days in which there was a continuance, and either a joinder by the various clients, or commenting on we needed more discovery. So could you point to me where exactly you think the district court went wrong? Well, if you look at the orders that were produced in almost all of the eight continuances in question, it's basically a form order. It states who the individuals were that were present. It states that the defendants either waived or made the motion or joined in it, and it sets new pre-trial conference dates and a trial setting, and it has a finding of ends of justice and an exclusion. Mr. Helfry, this is Judge Baez. As to any of these pre-printed forms, did the defendant or defendants submit an alternate form of order or object, that's the second question, or object to the form that was submitted? No, Your Honor, and I think that's getting to the waiver law. Where is there any law that tells us that a pre-printed form, if it accurately reflects the circumstances under which the continuance is granted, is by itself error? I think it's in a pretty error case, is it, in the Ninth Circuit, where the court found where the judge was, the magistrate or the judge was just filling in the forms as a new date and already had pre-printed ends of justice and exclusion at that time. You're talking about Ramirez-Cortez, right? Yes, Your Honor. In that case, the Ninth Circuit found that the continuances were intended to provide sufficient time for plea negotiation, which is, I think all people agree, is an insufficient basis for granting the continuance. So the factual circumstances of Ramirez-Cortez were not those that obtained here, correct? That's true, Your Honor. I read the case a little differently in that I thought the court was also commenting that it requires a considered inquiry into the reasons for the continuance and a prodding of the parties to be sure that a continuance was needed, all of those types of things, and a form, a filling in the blank form doesn't do that. So I read it a little broadly. Agreeing to a pre-printed form which states the grounds for the continuance, the court found that the ends of justice outweighed the best interest of the public and the defendant in a speedy trial because the continuance allows counsel for defendant the reasonable time necessary for effective preparation. If those are the circumstances which are obtained in each one of the eight cases, what's wrong with using a pre-printed form to reflect those circumstances? Well, because what the Speedy Trial Act requires, and I believe the United States opinions as well as the U.S. Supreme Court and Zegna require, is an inquiry, a justification on the record, just entering a legal conclusion the ends of justice are met here without stating the basis for that. But the basis is a reasonable, but Mr. Halford, wasn't the basis a reasonable time necessary for effective preparation? Over and over again, the government was giving many documents over to the defense regarding the transactions that were in question, and the defense was saying we need more time to prepare for the trial. It's not a factual basis. As I perceive it, what was happening was the government wasn't providing the discovery, and this got, it forced the defendants to ask for a continuance because they weren't prepared because, and they filed five motions to compel discovery and three motions to dismiss the indictment based on the lack of the government proceeding expeditiously with the superseding. Initially, according to the affidavit of Eric Sykes, the superseding indictment is expected by May of 2007. It doesn't happen until 2009. Initially, the discovery is promised on a certain date. It doesn't happen. It results in another motion to continue. Nothing is done by the courts that I could see of record because you have to be able to review it. When they cite, just cite to you the statute, I find compliance with the statutes and use the magic words in the statute itself, that isn't a record that permits you to review it and determine whether or not the court properly granted the continuance. And I think that's where the problem comes in. I don't think the dates of the continuance were specific as required by the Ninth Circuit and the Supreme Court in that all that really happened was you got a new pretrial conference and then the thing was pushed off again and the government basically got a continuance that allowed them to finish their indictment, whatever time they thought they needed for it, two and a half years, I think, from the first indictment, and it permitted them to continue to drag out the discovery because nothing was going to happen until the discovery was produced. You had this, excuse me, this, Judge Hawkins, if you had to focus on one continuance that you think was particularly egregious, which one would it be? Well, I'm much better on focusing on which one I thought was the best one from the government's point of view. I think when you look at all of them after, other than the one with Judge Gilmore, that they all simply, you know, in comes somebody complaining about discovery and we hear there's going to be a superseding indictment, what's the point of pushing this to trial? And they all just roll on on that. Nobody holds the government's feet to the fire. Nobody holds the defendant's feet to the fire. Nobody makes the inquiry to justify a valid balancing of the interest of the defendant in the speeding trial because the defendants wanted to go to trial. Let me give you an example and maybe you can play it out. If you look at the September 2009, the court says that the continuance was granted for the reasons cited in the defense motion. If you focus on that particular one, is there something, is that not enough justification in your view? It may be in part a justification and a reason why the motion was being made by the defendant, but the court has a greater obligation than simply noting that there are all these discovery problems. They have an obligation to resolve and force the issue to some resolution or conclusion so that a realistic date can be set. I mean, what we have in my opinion is the defendants were not getting any response from the government and so they finally turned to the courts with these motions to compel. They don't get the, they're complaining they can't talk to Mr. Thomas, that he won't return calls, won't respond to emails, so they go to the judges to have something done and then there's a resolution in many of the cases just before the hearing on the motion to compel and, oh, I think I'm running out of time. You can finish your answer. We'll let you make up for that. Okay. Okay. And so the motion to compel then is resolved with another promise and then there's another breach of the promise and we're back where we started from and that's what I think the Speedy Trial Act is designed to prevent. All right. Why don't we hear now from the government? Thank you. Thank you, Adam. Good morning. My name is Chris Alan Komou Thomas and aloha. As I was sitting at the table listening to counsel's argument, I have to express to the court the irony that the government felt. And the irony is based on the fact that this was a difficult case. It started in 2006, August 2006, and these eight continuances that are issued in this appeal went all the way until October of 2010. Now the irony in that is that with due respect to opposing counsel, Mr. Helfry didn't come onto this case until January 28, 2011. Mr. Flores did not come into this case until July of 2011. Can we focus down to the argument that's been made, counsel, if we can? I take it that the argument that's being made is that rests upon a couple of propositions. One is it's not enough under Ninth Circuit case law to stipulate to a continuance by the defense. That alone can't justify a Speedy Trial Act extension or exclusion of time, correct? Yes, it's okay. And the Ninth Circuit case law seems to suggest that the district court is under some obligation to either make findings of fact or make inquiry to determine that the parties have a sufficient reason under Speedy Trial Act jurisprudence to seek the exclusion of time. Am I correct so far? You are correct, Judge Hawkins. Okay. I'd like you to focus on the fourth continuance. This is one dated January 30, 2008. Yes, Your Honor. In that case... I have some questions about it. I just want you to focus in on it. Were there any factual findings made on the record? Because I couldn't find it. Your Honor, in that case, there were three things that the court relied upon. There was the motion and the affidavit in support of that motion. There were the minutes that recorded what transpired during that hearing. And then we have the order. Your Honor, the government... But there are no factual findings. The district court made no factual findings, correct? Well, Your Honor, what it did rely upon was the representations made in the motion. Because in the motion, it talks about factual findings. It talks about the fact of the volume of the discovery, which resulted in unanticipated delays by both the government and the defense. Here's what I hear your opposing counsel say about that. This is not a case they argue. You tell me if you've got arguments or facts to contradict this. This is not a case where the defense comes into district court and says, we need more time to prepare for trial. They come in and say, we do need more time to prepare for trial, but the reason we do is that the government is not providing discovery, is not responding to our telephone calls, is not dealing with us in good faith. What's your response to that? Your Honor, the government disputes that. It's not going to take a defensive stance because this was a difficult case. In the appeal, the government sets out the case procedure, the fact that we have to put a stop to defendant's actions. There were six motions to compel discovery in this case. There were no orders compelling discovery. None. None. That was because government's ability to meet the demands of defense counsel, and to meet the demands of the court. No orders to compel or grant it. No sanctions, nothing. Your Honor, I'd like to please refer the government, or excuse me, the court to its supplemental excerpts of record,  filed by the attorneys who started this case along with government's counsel. Did they cite the speedy trial act? No, they did not. And they did talk about the delays in discovery as the basis, and yet the judge's order in that case states that, despite defendant's characterization of delays as almost entirely the fault of the government, in actuality, the continuances of defendant's trial date have been granted at the request of defendant. Eight trial continuances have been granted as to defendant, with all defense counsel in agreement. The government did not move forward. We started with the proposition that simply because the defense moves for a continuance, moves to have time excluded, that that's not enough. And doesn't our case law require the district court to make some factual inquiry or some factual findings to support a conclusion, like the one in the fourth continuance, that more time is necessary for the defense to prepare? That's correct, Your Honor. And tell me where those factual findings are. Your Honor, with respect to the motion that the court is concerned with, this fourth continuance, where the hearing was held on January 30, 2008, that motion contained a several-page affidavit, at least five pages. In that affidavit— Does the district court refer to the motion? Yes, Your Honor. But, you see, there's no transcript. Where? There's no transcript for that hearing. How do we know that she referred to the motion? It's reflected in the finding when it submits its order. Because it says that, based on the—the order doesn't say that. It's based on the fact that it's contained in order, which the case law says the court can consider in the totality of the circumstances. When it reaches its finding that the counsel need more time in order to prepare for trial, that is an indirect reference because it's based on defendant's motion. That's the basis for the court to even justify a continuance. And, Your Honor, each time that we came to court in these eight instances, the defendants had an election. They had a choice. They made a strategic decision as defense counsel to request a continuance. Does the government have any obligation in connection with speedy trial exclusions of time to— Yes, Your Honor. Can I finish my question? I'm sorry. Does the district court have any obligation to—does the government have any obligation to remind the court of the facts that support its conclusion? Yes, Your Honor. Case law supports that. U.S. v. Lloyd. U.S. v. Lloyd also talks about inquiry— Did that happen in connection with the fourth continuance? Well, Your Honor, the government's at a disadvantage because although requested, there were no transcripts of that hearing. But there is the motion and there's the minutes. I don't want to go on record without a transcript to support any representations I make. But the documents that are available based on the totality of the circumstances, which the court can rely upon, includes the motion. Mr. Thomas, there's a reference in the fourth continuance to a notation in the granting of the motion time from 5-20-2008 through 12-2-2008 is excluded to allow counsel to prepare for trial and for continuity of counsel. Yes, Your Honor. What do you understand continuity of counsel to have meant in those circumstances? Your Honor, in this case— I mean, is that just boilerplate or does it have some reference in this case? Well, it does have reference in this case, but that's further along in the case because counsel did change it. Well, then, doesn't that indicate that the order referring continuity of counsel, which appears again in the forum order that's signed, is mere boilerplate? Your Honor, with respect to the hearing in the case, these forums, just to be clear— No, no. Concentrate on this, Mr. Thomas. Who was the counsel that the court was referring to that required the continuance for his or her continuity in the case? Your Honor, the government can only refer to the counsel who made the motion. But then you go to the next time, the fifth continuance, October 2008, and we see the same language again, and this is in the minutes from Magistrate Judge Curran, that continuance would be excluded, quote, for continuity of counsel and to allow appropriate time to prepare for trial. So we're left with a situation where we may well be piecing together the motion and the order, but the actual reasons given by the judge and reasons that are required don't even match up the two events. They just have a boilerplate language. Do you know of any cases in the Ninth Circuit that would support reasons to that degree of generality? Well, Your Honor, the government can only rely on the cases that state that there does have to be specificity, Your Honor. The government concedes that. When these orders were presented to the court, it was presented by the government. Defense counsel had an opportunity to review it. Mr. Thomas. Yes, Your Honor. Do you have any knowledge that any of the attorneys in the fourth or fifth or any of the rest of the continuances said, Judge, if I don't get a continuance, I can't represent this defendant because I'm going to have a conflict, I'm not going to be available, or I'll be on vacation, or I have a funeral to attend? Again, I don't want to represent anything that's not on the record. Can you point me to some factual circumstance which would lead an informed investigator to conclude that there was some basis for continuity of counsel? Well, Your Honor, based on the motions and based on the minutes, was it some, and in fact, was it Mr. Smith who said, I can't stay in this case unless I get a continuance? Was it Mr. Jones? Can you give me the name of a counsel, a defendant? The government cannot, Your Honor. The government cannot. So I guess the question is that these orders all say continuity of counsel, and then they follow up by saying appropriate time to prepare for trial. And I don't want to state your case for you, but are you basically telling us that that little catchphrase, appropriate time to prepare for trial, is sufficient? Yes. Now, with respect to continuity of counsel, the government can say this. In each instance, and this will be reflected in the record, there was a pattern that was followed based on inquisition by the court. And one of the last inquiries by the court was the trial calendar schedules of the defense counsel. The government's attorney took no position. It was all based on availability of defense counsel and their calendar. The government's position was if you want to go to trial, we have to go to trial. That's the government's obligation based on the Speedy Trial Act. Now, the defendants, through this two-and-a-half-year period when there was an original indictment, they had a four-count indictment that they could have gone to trial on and separated the 87 counts that were contained in the superseding indictment. But each time they went to court, they made an election. They chose to request a continuance. Each time, eight times, the defendants made that choice, and the government agreed. The reason why the government expresses the fact that all eight continuances were by the defendant is that collateral estoppel applies. In Zedner v. United States, the elements to that is where the party's position was clearly inconsistent with its earlier position, and that's the case we have here. In each continuance, the defendant used the Speedy Trial Act as a shield, each instance. And now we have new counsel, and that counsel is utilizing it as a sword, trying to cut the legs out from the government's case. Thank you, Your Honor. Thank you.  Thank you, Your Honor. Let me first note and try to put this a little bit in context. We have a case that went on for eight months. This alleged Ponzi scheme was in existence for eight months. It involved eight individuals or entities as investors. It involved 32 seized computers for that eight-month period, three servers, some electronic surveillance, which I believe were basically of informants that cooperated with the government and recorded these meetings. This was not Enron. This was not Bernie Madoff. What the government is really arguing is is that there's a waiver. And, of course, the Ninth Circuit and the Supreme Court have made it clear waivers are not possible by a defendant because there's a public interest to be served as well. They're arguing judicial estoppel. That's an equitable doctrine and it's discretionary with the court. How can it be equitable when the government can force the continuance on you? Sure, you can go to trial on the original four counts and then go to trial again in a few months by not giving you discovery and telling you go ahead and go to trial with one hand tied behind your back. A competent defense counsel has no choice. And so I don't see that as much of an argument. The defendants weren't using it as a shield. The defendants were pleading with the court and the government, give us a discovery so we can get to trial. Get this superseding indictment on board and let's go. Instead, nothing happens. It's not a question of waiver or estoppel. I don't really credit that argument by the government because I think it's at odds with the Ninth Circuit case law. But you have to look at all in context. For example, when Mr. Seitz is saying in the December 2009 continuance, he's saying, well, we're not going to be ready because we have tens of thousands of documents. So even if we reconfigure the computers, it's going to take us weeks and weeks to look at these. So it's not a question of waiver so much as the defense is saying we need this time. We have a lot of documents here. We need this time to, you know, use and review these documents. And so we won't be ready for probably six months. That may be optimistic, Mr. Seitz agrees. So we can't disregard that kind of colloquy, can we? No. In fact, I think it goes to the heart of my argument. Mr. Seitz on numerous occasions puts it on the record. We can't get to trial because we can't get to discovery. And nobody says to the government, why can't you do it? Why aren't you doing it? Here's a ‑‑ I mean, I've had judges tell me, you can have this done by this date, and it's either done or I'm in difficulty. And that doesn't happen. And I think the Speedy Trial Act puts an obligation on the court to determine that the continuance is necessary, that the government isn't just dilly-dallying around and not making the discovery. And none of that occurs in this case. And this cry for help goes nowhere. The government took all the time it wanted, and sure, just in this one you just mentioned, in December of 2009, they dumped a bunch of documents. Of course they're not going to be ready for trial. But somebody should have been telling the government this should have been done on a timetable, scheduled in order, whatever the practice is in Hawaii. But I think the courts require this of the judges to do this to both sides. And not just accept representations made by Mr. Seitz or by Mr. Thomas, but to delve into it and find out what the real reason is, and then make a judicious decision whether or not a continuance is merited and when. Okay, your time has expired, but I didn't know if Judge Hawkins had another question. I just have one quick question. This was a conditional plea of guilty? Yes, sir. Was the condition simply the Speedy Trial Act? Yes, it was, Your Honor. Thank you very much. Thank you. Thank you, Your Honor. I'd like to thank both counsel for your argument this morning. The case of United States v. Cadre is submitted.
judges: Hawkins, McKeown, Bea